

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CARNFORTH LIMITED, ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | No. 08 C 3618 |
| v. ) | |
| ) | Honorable Charles R. Norgle |
| MOSAIC GLOBAL HOLDINGS INC., ) | |
| ) | |
| Third-Party Defendant. ) | |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the Court is third-party defendant Mosaic Global Holdings, Inc.'s ("Mosaic") Rule 12(b)(6) motion to dismiss third-party plaintiff Carnforth Limited's third-party complaint and to strike claims for attorneys' fees. For the following reasons, the motion is denied.

## I. BACKGROUND

### A. TIG's Complaint

On June 25, 2008, Plaintiff TIG Insurance Company ("TIG") filed a one-count breach of contract complaint (the "TIG Complaint" or "TIG's Complaint") against defendant/third-party plaintiff Carnforth Limited ("Carnforth"). TIG's Complaint alleges that Carnforth failed to honor a 1980 reinsurance agreement (the "Reinsurance Agreement") that Carnforth's predecessor issued to TIG's predecessor. TIG Compl. ¶ 1, 7. According to the TIG Complaint, the Reinsurance Agreement obligated Carnforth "to indemnify TIG for certain losses and expenses paid by TIG under the primary general liability policy that [TIG's predecessor] issued to [Mosaic's predecessor] for the policy period August 1, 1980 to August 1, 1982." Id. ¶ 8. TIG further alleges that "Mosaic sought coverage under the [] [p]olicy in connection with certain

1

environmental liabilities arising out of a manufacturing site in Spartanburg, South Carolina." Id. ¶ 9. According to TIG, after TIG investigated Mosaic's coverage claim, TIG and Mosaic reached a settlement as to the claim. Id. ¶ 10-11. TIG then alleges that "[t]he losses paid and expenses incurred by TIG in connection with Mosaic's coverage claim . . . fall within the coverage provided by the Reinsurance Agreement," but that Carnforth nevertheless has "wrongfully refused to pay the amounts due and owing to TIG under the Reinsurance Agreement . . . ." Id. ¶ 12-14. Thus, TIG claims that Carnforth breached the Reinsurance Agreement by declining to indemnify TIG for the expenses TIG incurred with respect to Mosaic's coverage claims (the "TIG Reinsurance Claims").

**B. Carnforth's Third-party Complaint against Mosaic**

On September 25, 2008, Carnforth filed a counterclaim against TIG (the "Counterclaim") and a third-party complaint against Mosaic (the "Carnforth Complaint" or "Carnforth's Complaint"). Carnforth's Complaint contains two breach of contract claims and a declaratory judgment claim. The Carnforth Complaint alleges that a July 1, 1987 agreement (the "Intercorporate Agreement") entered into by Mosaic's predecessor and the predecessor of Mallinckrodt Incorporated ("Mallinckrodt"), the corporation that presently owns and controls Carnforth, requires Mosaic to "indemnify Carnforth for all sums expended in the defense, settlement and satisfaction of the TIG Reinsurance Claims and to take over the defense of any such claim." Carnforth Compl. ¶ 12 (citing the Intercorporate Agreement, Section 3.02(a)). According to Carnforth's Complaint, Mosaic has breached the Intercorporate Agreement by "refus[ing] to honor its defense and indemnity obligations to Carnforth for the TIG Reinsurance Claims . . . ." Id. ¶ 14.

2

Carnforth also alleges that Mosaic breached a 2007 settlement agreement between Mosaic and Mallinckrodt (the "Mallinckrodt-Mosaic Settlement") that "reaffirms and incorporates by reference Mosaic's obligations under the Intercorporate Agreement to indemnify Carnforth for all sums expended in the defense, settlement and satisfaction of the TIG Reinsurance Claims and to take over defense of any such claims . . . ." Id. ¶ 21. According to Carnforth, the Mallinckrodt-Mosaic Settlement was precipitated by a lawsuit Mallinckrodt filed against Mosaic in 2005 alleging, among other claims, that Mosaic had breached its obligations under the Intercorporate Agreement by "refusing to acknowledge Mosaic's contractual obligations to indemnify and reimburse Carnforth for [Mosaic's predecessor's] liabilities that Carnforth had paid . . . ." General Allegations in Supp. of Carnforth's Compl. and Countercl. ¶ 19 [hereinafter "Carnforth General Allegations"]. Carnforth points to the provision of the Mallinckrodt-Mosaic Settlement whereby:

> Mosaic acknowledge[d] and agree[d] that it is the successor to the rights and obligations of [Mosaic's predecessor] under the 1987 Intercorporate Agreement, including, but not limited to, any indemnity obligations set out in Article III of the 1987 Intercorporate Agreement, and further including, but not limited to, any obligation that may exist under the 1987 Intercorporate Agreement to indemnify Carnforth Ltd. for claims made against it relating to obligations of [Mosaic's predecessor].

Id. ¶ 24.

Carnforth contends that Mosaic's refusal to acknowledge its alleged defense and indemnity obligations to Carnforth with respect to TIG's Complaint is a breach of the Mallinckrodt-Mosaic Settlement. Carnforth Compl. ¶ 23.

The Mallinckrodt-Mosaic Settlement also contains a provision whereby "Mallinckrodt agree[d] to release Mosaic . . . from any and all suits . . . that were asserted in the Lawsuit [or that] are related to and/or arise from the allegations in the Lawsuit." Carnforth General Allegations ¶ 27. According to Carnforth, however, that provision of the Mallinckrodt-Mosaic

3

Settlement "did not alter, waive or release Mosaic's obligations under the Intercorporate Agreement . . . ." Id. ¶ 28.

### C. Carnforth's Counterclaim against TIG

Carnforth's one-count Counterclaim seeks a declaration that "TIG waived its right to pursue the TIG Reinsurance Claims . . . ." Countercl. ¶ 18. More specifically, Carnforth asserts that an October 30, 2007 Order entered in the Circuit Court of Cook County concerning a 2002 action involving Mosaic and TIG (the "October 30, 2007 Order"), demonstrates that TIG waived the claims that are the subject of the TIG Complaint. According to the Counterclaim, the October 30, 2007 Order states as follows:

> TIG has released and waived any and all claims for reinsurance against . . . Carnforth, Ltd. with respect to the Underlying Action as Mosaic and TIG defined that term in Section 2.12 of their Confidential Settlement Agreement and Release, effective August 17, 2006 to the extent that Mosiac ultimately has legal responsibility to pay for or to reimburse another person or entity for such claims solely by reason of Mosaic's or its direct predecessor's ownership of the reinsurer.

Countercl. ¶ 13.

### D. Mosaic's Motion to Dismiss

On November 13, 2008, pursuant to Rule 12(b)(6), Mosaic filed a motion to dismiss Carnforth's Complaint and to strike claims for attorney's fees (the "Motion"). The Motion is now fully briefed and before the Court.

## II. DISCUSSION

### A. Standard of Review

In deciding a Rule 12(b)(6) motion, the court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the plaintiff. See, e.g., Jackson v. E.J. Brach Corp., 176 F.3d 971, 977-78 (7th Cir. 1999). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Smith v.

Cash Store Mgmt., Inc., 195 F.3d 325, 327 (7th Cir. 1999) (quotations and citations omitted). "Rule 12(b)(6) should be employed only when the complaint does not present a legal claim." Id. (quotations and citation omitted); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (a complaint must only include "fair notice of what the plaintiff's claim is and the grounds upon which it rests"); Alliant Energy Corp. v. Bie, 277 F.3d 916, 919 (7th Cir. 2002) ("A complaint need only state the nature of the claim; details can wait for later stages . . . ."). When reviewing a motion to dismiss under Rule 12(b)(6), the court therefore merely looks at the sufficiency of the complaint, Swierkiewicz, 534 U.S. at 508; Johnson v. Rivera, 272 F.3d 519, 520-21 (7th Cir. 2001), it does not decide whether the plaintiff has a winning claim. See McCormick v. City of Chicago, 230 F.3d 319, 323-26 (7th Cir. 2000).

However, "[l]itigants may plead themselves out of court by alleging facts that establish defendants' entitlement to prevail." Bennett v. Schmidt, 153 F.3d 516, 519 (7th Cir. 1998); see also Thomas v. Farley, 31 F.3d 557, 558-59 (7th Cir. 1994) ("[I]f a plaintiff does plead particulars, and they show that he has no claim, then he is out of luck - he has pleaded himself out of court.") (citations omitted).

## B. Mosaic's Potential Liability to Carnforth

Mosaic asserts that Carnforth has pleaded itself out of court by alleging facts that establish Mosaic's entitlement to prevail. See Bennett, 153 F.3d at 519 (describing how a plaintiff can plead itself out of court). The Court disagrees.

Specifically, Mosaic contends that based on the allegations put forth in Carnforth's pleadings there are only two possible outcomes of this litigation: (1) TIG will be held to have waived its right to reinsurance based on the October 30, 2007 Order; or (2) Carnforth will be held to have released its indemnity claim against Mosaic based on the language of the

Mallinckrodt-Mosaic settlement. See Mosaic Mem. at 6-7. According to Mosaic, Mosaic cannot be found liable under either scenario. If TIG waived its right to reinsurance, Carnforth will not be liable and therefore has no indemnity claim against Mosaic and if Carnforth released its indemnity claim against Mosaic, Carnforth clearly cannot seek indemnification from Mosaic. Thus, Mosaic asks the Court to find that Carnforth has pleaded itself out of court.

What Mosaic fails to acknowledge, however, is that according to Carnforth's Complaint, Mosaic is obligated to indemnify Carnforth for the costs it incurs in the defense of TIG's Complaint. See Carnforth Compl. ¶ 12 ("Mosaic is required to indemnify Carnforth for *all sums* expended in the defense, settlement and satisfaction of the TIG Reinsurance Claims . . . .") (emphasis added). Therefore, accepting the allegations of Carnforth's Complaint as true, as the Court must do, Mosaic is required to indemnify Carnforth not just for the amount of any judgment entered against Mosaic, but also for the sums Carnforth must expend defending against TIG's Complaint, whether or not TIG's Complaint is ultimately successful. Thus, even if Mosaic is not found liable with respect to TIG's Complaint, Carnforth's Complaint still provides for an avenue of recovery against Mosaic. As a result, Carnforth has not pleaded itself out of court because the allegations in Carnforth's Complaint do not conclusively demonstrate that Mosaic is entitled to prevail against Carnforth. See Doe v. Smith, 429 F.3d 706, 708 (7th Cir. 2005) ("[Plaintiff] has not pleaded herself out of court; none of the complaint's allegations shows that [defendant] is sure to succeed."); see also Weissmann v. Carroll, No. 02 C 4303, 2003 WL 685870, at *5 (N.D. Ill. Feb. 27, 2003) ("It is possible that [plaintiff] could prove a set of facts in support of her claim that would entitle her to relief. [Plaintiff] has in no way pleaded herself out of court.").

6

The Court also notes that Mosaic's argument that Carnforth's claims for attorneys' fees should be stricken is unavailing. Mosaic claims that the "only asserted basis" for Carnforth's attorneys' fees claims is 215 ILL. COMP. STAT. 5/155, which only applies to insurance companies and insurance policies. Mosaic Mem. at 9. Mosaic then makes the unsupported assertion that "Mosaic is not an insurance company, and the Intercorporate Agreement is not an insurance policy." Id.

Although Carnforth does reference 215 ILL. COMP. STAT. 5/155, as well as 815 ILL. COMP. STAT. 205/2, in both its breach of contract counts, Carnforth is not bringing its claims for attorneys' fees solely pursuant to those statutes. Rather, Carnforth is also bringing those claims pursuant to the Intercorporate Agreement which, according to the Carnforth Complaint, requires Mosaic to indemnify Carnforth "for all sums expended in the defense, settlement and satisfaction of the TIG reinsurance." Carnforth Compl. ¶ 12; see also id. ¶ 18 ("As a result of [Mosaic's] breach [of the Intercorporate Agreement], Carnforth has suffered injury to a legally protected interest, including incurring attorneys fees and costs in defending this action."). Therefore, without reaching a determination as to the applicability of 215 ILL. COMP. STAT. 5/155 to the present matter, the Court concludes that Carnforth's Complaint provides a valid basis for seeking Carnforth's attorneys' fees.

## III. CONCLUSION

For the foregoing reasons, Mosaic's motion to dismiss Carnforth's Complaint is denied.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATED: April 22, 2009